IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.  4:23 MJ 1413  JMB ) |
| ANDY R. MIQUI-CASTILLO, | ) ) |
| Defendant. | ) |

**MOTION FOR PRE-TRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Gwendolyn E. Carroll, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the Government states as follows:

1. Defendant is charged by complaint with 18 U.S.C.§ 1349, conspiracy to commit mail and wire fraud.

2. The Bail Reform Act, codified at Title 18, United States Code, Section 3142, sets forth what courts have described as a "two step inquiry" to decide whether a defendant should be detained pending trial. *See United States v. Shakur*, 817 F.2d 189, 194 (2d Cir. 1987).  First, before conducting a detention hearing, the Court must be satisfied that the case is eligible under one of the categories in Section 3142(f).  Second, if the case is eligible, the Court then "shall hold a hearing to determine whether any condition or combination of conditions . . . will

reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  In making this determination, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including "the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release."

3. Section 3142(f)(2), which applies in the present case, requires a detention hearing "upon motion of the attorney for the Government or upon the judicial officer's own motion in a case that involves (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."  Once the United States has shown that the Defendant poses a serious risk of flight or obstruction of justice,

4. Pursuant to Title 18, United States Code, Section 3142(f)(2), the United States moves the Court to hold a detention hearing because this case involves a serious risk that Defendant will flee or obstruct, or attempt to obstruct, justice.  Defendant has traveled to multiple jurisdictions in connection with the commission of mail and wire fraud, and has no ties of any kind to the Eastern District of Missouri.  Defendant's role in the charged conspiracy is that of a courier, who travels frequently between jurisdictions in furtherance of the fraud.  Defendant was arrested in possession of a passport, having just flown to St. Louis, Missouri from Greensboro, North Carolina, for the purpose of retrieving gold bars obtained from elderly victims.  As such, Defendant poses a serious risk of flight.

5. Because the United States has made the necessary showing that the defendant poses a serious risk of flight, this Court should hold a detention hearing.  At that hearing, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including

the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release.

6.      Both the nature and circumstances of the charged offense and the weight of the evidence in this case warrant Defendant's detention pending trial. *See* 18 U.S.C. § 3142(g)(1) and (2). Defendant has obtained hundreds of thousands of dollars from elder fraud victims and played a vital role in a multi-jurisdiction scheme targeting a vulnerable population. Defendant is known to have participated in at least three transactions in a short period of time, and as such, poses a significant financial danger to the community. Further, the weight of the evidence in this case, including Defendant's admission to his role in the mail and wire fraud conspiracy, is substantial.

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community and the Government requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Gwendolyn E. Carroll*
Gwendolyn E. Carroll #4657003NY
ASSISTANT UNITED STATES ATTORNEY